IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HECTOR GARCIA | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:10CV00367-RSP |
| | § | |
| TYSON FOODS, INC. | § | |
| *Defendant* | § | |

## PLAINTIFF HECTOR GARCIA'S MOTION IN LIMINE

TO THE HONORABLE JUDGE:

Before the voir dire examination of the jury panel, Plaintiff Hector Garcia ("Garcia") makes this Motion in Limine. Garcia seeks to exclude matters that are inadmissible, irrelevant, or prejudicial to the materials issues in this case. If Defendant Tyson Foods, Inc. injects these matters in this case through a party, an attorney, or a witness, Defendant will cause irreparable harm to Garcia's case that no jury instruction would cure. If any of these matters are directly or indirectly brought to the attention of the jury, Garcia will be compelled to move for a mistrial.

Garcia respectfully moves the Court to instruct the attorneys for Defendant, the Defendant, and the Defendant's witnesses, not to refer, interrogate concerning, or allude, directly or indirectly, in any manner in the presence of the jury or the jury panel to any of the items below without first approaching the bench out of the presence and hearing of the jury and advising the Court and Garcia's counsel, of any theory of admissibility in obtaining a ruling by the Court on such matters out of the presence and hearing of the jury. Garcia further moves that counsel for Defendant advise the Defendant and its witnesses of the contents of this Motion to the end that no witnesses will inadvertently violate the Court's ruling.

# I.

## GROUNDS FOR MOTION IN LIMINE

1. That Garcia has failed to call any particular witness who would be available equally to all parties through the subpoena process.

**AGREED: _____   GRANTED: _____   DENIED: _____**

2. Garcia's personal habits, including, but not limited to, the use of alcohol, controlled substances, and/or prescription medication, since the risk of unfair prejudice substantially outweighs any probative value. *See Sheesley v. Cessna Aircraft Co.*, 2006 U.S. Dist. LEXIS 77919 at *15-18 (S.D. Tex. 2006).

**AGREED: _____   GRANTED: _____   DENIED: _____**

3. That Defendant and its counsel be prohibited from addressing or discussing the undersigned law firm, or how Garcia came to locate or retain the undersigned counsel, as such is irrelevant, immaterial, and prejudicial. *See* FED. R. EVID. 401-403.

**AGREED: _____   GRANTED: _____   DENIED: _____**

4. Any comments by Defendant's counsel that informs the jury of the effect of its answers to questions in the jury instructions.

**AGREED: _____   GRANTED: _____   DENIED: _____**

5. Amy matters stated in Garcia's pleadings that have been superseded by amendment.

**AGREED: _____   GRANTED: _____   DENIED: _____**

6. That Defendant has been told anything by any expert witness not called to testify at trial concerning any matter, for the reason that such revelation would refer to hearsay and because such alleged experts would not be subject to proper cross-examination by Garcia's counsel, and for the further reason that such expert testimony would not be admissible without a proper predicate concerning the expert's qualifications and abilities to give such testimony pursuant to rule 702 of the Federal Rules of Evidence.

**AGREED: _____   GRANTED: _____   DENIED: _____**

7. That Defendant be prohibited from calling any fact or expert witness at trial, other than fact and expert witnesses timely and expressly identified by Defendant in its disclosures.

**AGREED: _____   GRANTED: _____   DENIED: _____**

8. That Defendant's counsel be instructed not to make demands or requests before the jury for matters found or believed to be contained in the file of Garcia or his counsel, which file might include statements, pleadings, photographs, or other materials; and that Defendant's counsel should be instructed not to make any other requests of Garcia or his counsel during the course of this trial and in the presence of the jury, since the only purpose for such requests would be to embarrass and harass Garcia and/or his counsel before the jury, and such request may be made outside the presence and hearing of the jury, or at a time when the jury is not present in the courtroom. *See* FED. R. EVID. 513(b).

**AGREED: _____   GRANTED: _____   DENIED: _____**

9. That Garcia has received, has ever applied for, has been entitled to receive, is receiving, will receive, or will become entitled to receive benefits of any kind or character from a collateral source, including but not limited to such collateral source benefits as the following:

    a. Benefits from Defendant's Workplace Injury Settlement Program;

    b. Benefits from private group health insurance coverage;

    c. Services furnished without charge;

    d. Compensation for time not actually worked,

    e. Loans, advances, or support payments;

    f. Social Security, Medicare, Medicaid, pensions, or unemployment compensation or other government benefits;

    g. Workers' compensation indemnity benefits or medical benefits;

    h. Benefits from any collateral insurance coverage or other collateral source;

    i. Medical disability or retirement benefits or payments; and

    j. Any other form of insurance, employer benefit, or government benefits.

*See Global Petrotech, Inc. v. Engelhard Corp.*, 58 F.3d 198, 202 (5th Cir. 1995) ("Evidence that the injured party received benefits from a collateral source is inadmissible under the rules of relevancy.").

**AGREED: _____   GRANTED: _____   DENIED: _____**


10. Any evidence that Defendant failed to produce or supplement in discovery.

**AGREED: _____   GRANTED: _____   DENIED: _____**

11. Any testimony or argument suggesting that Garcia, by and through his attorneys, asserted any claim of privilege during discovery. Claims of privilege are not admissible as evidence. *See* FED. R. EVID. 512.

**AGREED: _____   GRANTED: _____   DENIED: _____**

12. Any testimony by Defendant's experts concerning their discussions with another expert. *See* FED. R. EVID. 801, 802.

**AGREED: _____   GRANTED: _____   DENIED: _____**

13. That any of Defendant's expert witnesses be prohibited from rendering opinions and/or conclusions as to "the law" or what "the law should be" or in any way referencing any statute, rule, or regulation as the law is the properly the province of the Court.

**AGREED: _____   GRANTED: _____   DENIED: _____**

14. Defendant's counsel be prohibited from engaging in personal attacks on Garcia's attorneys, including attacks on their professionalism, integrity, or good faith.

**AGREED: _____   GRANTED: _____   DENIED: _____**

15. That Garcia, or any witness called by Garcia has been accused of, or in fact found guilty of, any misconduct or criminal activity either in the past or the present. In this connection, Garcia would show the Court that they have neither been convicted of any crime involving moral turpitude nor any other crime or conviction that would be admissible in impeachment of their credibility under the circumstances outlined in the Federal Rules of Evidence, and further, that if

any such conviction would be admissible, the probative value of admitting the evidence is substantially outweighed by the risk of unfair prejudice.  *See* FED. R. EVID. 403, 404, 608, and 609.

**AGREED: _____   GRANTED: _____   DENIED: _____**


16.     That any recovery by Garcia either would or would not be subject to federal income tax or any other form of taxation.

**AGREED: _____   GRANTED: _____   DENIED: _____**


17.     That should Defendants wish to introduce videotapes, motion picture film or other electronically generated images, that same would be tendered to the Court and opposing counsel outside of the presence of the jury and shown or exhibited to determine its relevance and suitability for introduction into evidence prior to and before informing the jury as to its existence or its tender into evidence by Defendants and that Defendants be precluded from referencing the content of said videotapes, motion picture film or other electronically generated images prior to a ruling from the Court on the admissibility of the images.

**AGREED: _____   GRANTED: _____   DENIED: _____**


18.     That Defendant make no mention to the jury regarding the probable or possible testimony of a witness who is absent, unavailable or not called to testify in this case.

**AGREED: _____   GRANTED: _____   DENIED: _____**

19.     That no mention be made of the alleged economic effects of a claim, suit or judgment either in this cause or similar causes of action upon the Defendant, the economy, generally, or upon specific items such as the cost of insurance, taxes, healthcare, etc.

**AGREED: _____     GRANTED: _____     DENIED: _____**

20.     Any reference to any of Garcia's prior existing medical conditions, whether physical or mental.

**AGREED: _____     GRANTED: _____     DENIED: _____**

21.     Any recovery for personal injuries sustained in any prior accident or claim or lawsuit.

**AGREED: _____     GRANTED: _____     DENIED: _____**

22.     Any matter related to or designed to implicate contributory negligence on the part of Garcia in the cause of the occurrence at issue in this case.

**AGREED: _____     GRANTED: _____     DENIED: _____**

23.     Any mention of the probable testimony of a witness who is absent, unavailable, or not called or allowed to testify in this case.

**AGREED: _____     GRANTED: _____     DENIED: _____**

24.     Any mention from or expression from Defendant's attorney regarding his personal opinion about the credibility of any witness.

**AGREED: _____     GRANTED: _____     DENIED: _____**

25. That this Motion has been filed or that all or any portion of the relief requested herein has been granted or denied. The existence of this motion, and the ruling of the Court on any relief granted herein, is not relevant to any matter of consequence to the litigation, and its admission can only serve to mislead the jury and create undue prejudice and confusion. *See* FED. R. EVID. 401, 402, and 403.

**AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

Dated:  July 8, 2014

Respectfully submitted,

By: */s/ Kenneth C. Goolsby*
   Kenneth C. Goolsby
   State Bar No. 24003668

**BOON, SHAVER, ECHOLS,**
**COLEMAN & GOOLSBY, P.L.L.C.**
1800 N.W. Loop 281, Suite 303
Longview, TX 75604
Telephone:  (903) 759-2200
Facsimile:   (903) 759-3306
Email: casey.goolsby@boonlaw.com

*ATTORNEYS FOR PLAINTIFF*
*HECTOR GARCIA*

## CERTIFICATE OF CONFERENCE

Due to the Court's deadline to file Motions in Limine, counsel for the parties has not yet had an opportunity to confer as required by Local Rule CV-7(h).  However, the undersigned counsel will comply with the Court's requirement in the Docket Control Order that the parties meet and confer on their respective Motions in Limine and advise the Court of any agreements in this regard by 1:00 p.m. three business days before the pretrial conference.

*/s/ Kenneth C. Goolsby*
Kenneth C. Goolsby

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 8th day of July, 2014, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Kenneth C. Goolsby*
Kenneth C. Goolsby