IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| HECTOR GARCIA | § | |
| --- | --- | --- |
| | § | |
| v. | § | Case No. 2:10-CV-367-RSP |
| | § | |
| TYSON FOODS, INC. | § | |

## MEMORANDUM ORDER

Currently before the Court is Defendant Tyson Foods, Inc.'s Motion for Summary Judgment (Dkt. No. 64) filed on June 4, 2014. Tyson seeks a summary dismissal of Plaintiff's claim based upon a Spanish language Acceptance and Waiver that Plaintiff, Hector Garcia, signed on September 29, 2008. (Dkt. No. 64-1, pp. 68-69. There is no serious dispute that the effect of the waiver would be to bar this tort claim in exchange for the benefits of Tyson's Workplace Injury Settlement Program ("WISP"). The real issue is whether the waiver meets the requirements of the Texas Labor Code. For the reasons that follow, the Court finds that there is a genuine dispute of material fact on this issue and, therefore, the motion is DENIED.

A waiver purporting to release an employer from liability for an accident sustained by an employee on the job must comply with the requirements of Texas Labor Code §§ 406.033(f) and (g). Subsection (f) provides that an employee can waive such causes of action only if:

(1) the employee voluntarily enters into the waiver with knowledge of the waiver's effect;

(2) the waiver is entered into not earlier than the 10th business day after the date of the initial report of injury;

(3) the employee, before signing the waiver, has received a medical evaluation from a nonemergency care doctor; and

1

(4) the waiver is in a writing under which the true intent of the parties is specifically stated in the document.

As well explained by the Court in *Hernandez v. Lasko Products, Inc.*, 2012 WL 4757898 (N.D.Tex.,2012) (Lynn, J.), Texas law provides that "a person who signs a contract 'is presumed as a matter of law to have read and understood the contract unless he was prevented from doing so by trick or artifice.'" *Id.* at p. 21. Obviously, the first requirement of §406 for the validity of such a waiver is that "the employee voluntarily enters into the waiver with knowledge of the waiver's effect."

Plaintiff has attached his own deposition testimony to the effect that he never attended school, has very limited reading and writing ability even in Spanish, and both did not read and could not have understood the Waiver that he signed. He testified that he signed the Waiver because he was told by his supervisor that it was for him to see the doctor. Defendant's summary judgment evidence does not rebut that. Under these narrow circumstances, Plaintiff has created a genuine dispute material to the efficacy of the waiver upon which the summary judgment motion relies. Accordingly, the motion is DENIED.

**SIGNED this 17th day of July, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE